I don't even try. Frank Sproul is appearing for the petitioner, and if it pleases the Court, I am in the unenviable position of defending some rather repellent behavior. However, at the end of the day, I do believe that this is not an aggravated felony, and the district court erred in granting the motion to dismiss. Castro-Baez dealt with a different statute but contained a generic definition of what constitutes a rape offense. Why doesn't that generic definition cover the crime of conviction here? Very easily. I mean, the definition in the California statute is, as you know, there is a reason that was an eight-paragraph decision. That is violent, nonconsensual sexual intercourse. That's the generic definition. I mean, I'm sure that was the generic definition of rape in 5th century Athens. This statute has many other things that are simple. You know, the generic definition of rape is there's many different sources, right? We have the Model Penal Code, which requires sexual intercourse, 286aI does not. The Federal definition of rape that uses the word rape, 920a, requires a defendant to be the administering agent of the intoxicating, you know, agent that allowed, you know, that obviated consent, right? That's not present in the California statute. 8 U.S.C. 2241, aggravated sexual abuse, again, requires the defendant to be the party that administered the intoxicating agent that obviated consent. That's not present in the California statute. So, you know, in the hodgepodge of what is a generic definition of rape, obviously 286aI, it doesn't quite fit, right? I mean, under Castro-Baez, it absolutely fit. This was an easy case. But when we're using this statute, it's different. There are different elements under the California statute that are simply not present in the Federal ---- Sotomayor, but the definition in Castro-Baez did not require, as you suggested it did, that the person perpetrating the sexual crime have been the person to administer the intoxicating agent. It only requires that the person be incapable of consent. And so that's ---- Isn't that similar to what we have here? I don't think so, because they're administering the California statute that requires, you know, violence, force and fear, and sexual intercourse. That's simply not present in the 286i California statute. So, you know, maybe we'll have the same result, but Castro-Baez simply can't be dispositive. There's more complications here in this statute than there is. Because, again, how do we look up the Federal generic definition? We have so many different sources. So it's not altogether 100 percent clear in this statute under the Castro-Baez statute, of course. No one could reasonably or principally argue that that's not ---- Are you suggesting Castro-Baez does not set forth the definition of rape that we should use here? It does, because ---- It does or it doesn't? It sets forth a generic definition which doesn't fit the conduct ---- Now, just a minute. Is it the generic definition or is it not? Well, I think it gives a very perfunctory overview, Your Honor. In my view, I don't see how I can read around Castro-Baez to say that that's not the generic definition. It says, applying the ordinary, contemporary and common meaning of rape, rape is, and then it says what it is. So it seems to me there we've got the generic. Now, all I've got to suggest to determine is, does 286i meet this, right? Well, again, I think you have to look at the Castro-Baez definition. Is nonconsensual sexual intercourse with a person whose ability to resist has been substantially impaired by drugs or other intoxicants. Yeah. That's the generic definition. Right. But, I mean, they didn't just pull that out of thin air. Obviously, there was ---- No, but it applies. That's the standard that we're bound by as a subsequent three-judge panel. So how is the statute here not, you know, fitting that definition that I just quoted? I guess the problem is there is the interplay between that broad language in Castro-Baez and then the conduct, the criminal conduct in each statute. When they used that, you know ---- What's different about the criminal conduct here? Because the panel in Castro-Baez used, was construing a statute that absolutely required, you know, violence, force, and ---- But that's not the definition they gave of rape. What I just read to you is the definition that they gave of rape. And if that's the definition that we're bound by, why doesn't this statute fit? Again, I guess I'm ---- I believe they had to be using the various Federal statutes. And they made it a very broad statement because they were dealing with a statute that absolutely had no ambiguity. This one does in conjunction with all the various Federal statutes. I guess I'm once again going back to what my colleague is after. It seems to me that what I'm supposed to do is compare the California statute with the generic definition. So I've got to find the generic definition someplace. I went to Castro-Baez v. Reno and I found it. It said ordinary, contemporary, and common meaning of rape. Now I can't go around that. I'm a subsequent three-judge panel. And then it says what rape is, which Judge Graber's read to you. Now my only problem or my only suggestion for this case is, does 286i, is it like that? Is it a categorical match? Well, I read 286i. I don't see how it's any different than this. Very simple in the plain language of the Castro-Baez statute where they talked about engaging in nonconsensual sexual intercourse. 286i does not require sexual intercourse. So there's a distinction right there. Roberts. Although I thought the methodology, at least this is the way I looked at it, step one, since we're looking at the word rape in the INA, what does rape mean? Castro-Baez tells us. Step two, are there any other words in that definition that require interpretation? One of the words is nonconsensual sexual intercourse. What does that mean? Again, we look now at generic definitions of that. From what I can see, that includes sodomy. Now step three, now that we understand what the Federal statute means, we apply it to the specific California statute before us, which is a different statute than in Castro, but for methodology purposes, that doesn't matter. And that yields the result that, yes, this California statute fits within the generic definition of rape as taught by Castro-Baez and as we understand sexual intercourse to mean. What's wrong with that methodology? You know, I hate to descend to these. I mean, sexual intercourse has a very specific legal and medical meaning, and the sodomy statute does not require that. It could be, you know, these are distasteful things. I mean, you know, digital penetration, however slight, that's not intercourse. I mean, you know, we're descending to some seamy details, but there is a difference. Right? I mean, there's a reason the model penal code requires sexual intercourse. Right? I mean, so that has some significance. That's not just, you know, verbiage without any meaning. Sexual intercourse is very different than penetration, however slight. Roberts. Well, does it all come down then to whether the generic definition of sexual intercourse does or does not include sodomy? I mean, I think that's certainly part of it, you know, clearly. And then I think the whole question of consent, I mean, because the statute at hand in Castro-Baez had nothing to do with consent vis-a-vis age or intoxication, I mean, this was violent, nonconsensual behavior. But no, in Castro-Baez, the defendant or the individual involved in the proceeding had been convicted under the subsection that deals with inability to consent by reason of intoxication also, and was not convicted of anything more violent than that. But, I mean, the 261A3, right, right, you know, and again, we look at the, you know, the BIA, the decision that the supplemental brief submitted by my distinguished colleague, I mean, they spent an awful lot of time about how do we define consent, right? And again, it talks about in that Ohio statute, the defendant had to be the administrating agent. And then they said, they sort of quoted approvingly those cases. That's how you, you know, there's two ways that consent is obviated, by the defendant being the administrating agent or age or disability. So, I mean, I do think it's not just as simple as Castro-Baez, because number one, two different statutes, two totally different behavior, so it's not a perfect generic fit. And I guess I'll reserve my, I only have 32 seconds left. Kennedy. I was going to ask, what, if anything, we should do with the BIA's decision and Kelly? Well, one thought would be, since that wasn't part of the briefs, is we remand to address that case, right? I mean, you know, neither party had a chance to address Kelly. So if we went back to the Board, I could argue that we have to get into that whole concept of consent, and is, does the defendant have to be the administrating agent? Again, you know, we didn't have the benefit of Kelly at the time of the briefing, and it looks like I have four seconds. We'll give you a minute for rebuttal when the time comes. We've asked a lot of questions. Good morning, and if you may please accord, my name is Victor Mercado on behalf of the United States. Mr. Olmaksumi was convicted of the crime of sodomy, non-consensual sodomy with a person who was intoxicated, and that crime, categorically, it is an aggravated felony, and as such, it disqualifies Mr. Olmaksumi for naturalization as a United States citizen, because he lacks the requisite good moral character in light of his aggravated felony conviction. And first of all, we need to, as the Court has pointed out, we need to look at the generic definition of rape, which comes, which this Court in Castro Bias has pointed out, and that in the ordinary usage, rape is understood to include act of engaging in non-consensual sexual intercourse with a person whose ability to resist had been substantially impaired by drugs or other intoxicants, which is the exact same thing that happened here. First, one argument that Opposing Council has brought before the Court is that the conviction for which Mr. Olmaksumi was convicted was not a crime of, it was not sexual intercourse, because it was a crime of sodomy. However, that is a distinction without a different. The statute that the Court analyzed in Castro Bias involved rape, which under sodomy in California law does not involve vaginal penetration, it involves anal penetration. But that distinction is without a difference, because there's still sexual conduct. There's still penetration of another person. Sotomayor Is that where Kelly comes into the picture, because it sweeps both forms of intercourse into the same? Yes. A matter of Kelly helps explain that there has been a development in the law, so that by the time the aggravated felony statute came into play, rape was understood to not be limited to male penetration of a female. It included broader sexual conduct, which includes anal penetration without consent. As to the issue of consent, one argument that plaintiff has raised has been the issue of who provided the intoxicant. However, that is, it does not matter who administered the intoxicant, because if a person is unable to consent, regardless of who provided the intoxicant, either the victim got drunk himself or not. In that regard, the statute appears to me to be identical to the one in Castro Bias with respect to the intoxication element. Neither statute seems to require that the perpetrator of the sexual crime have supplied the intoxicant. That is correct, Your Honor. Actually, the California statute, the California statute for sodomy, section 286I, is identical to 261A3, which is the statute in Castro Bias. So, and it's the exact same language. In Castro Bias, the court did not make a difference about who provided the intoxicant or who didn't provide the intoxicant. At the end of the day, there's no consent. And if the victim cannot consent because she or he is intoxicated and has some sort, and that causes an inability to consent, then the victim did not provide meaningful consent. Which is covered by the, which as the court found, it's covered by the definition of rape. So when applying that analysis to this case, we see that there was sexual conduct and there was lack of consent by the victim because he or she was intoxicated or inebriated, and she wasn't able to consent at that point. Under that scenario, Mr. Omaksu's crime is categorically an aggravated felony crime. And as such, he is unable to meet the good moral character requirement for naturalization. And as such, the district court was correct in dismissing the complaint because he was not a person of good moral character eligible for naturalization. And for this reason, we ask the court to dismiss the appeal. Unless the court has any other questions. Would we dismiss the appeal or affirm? Affirm, dismiss. Why would we dismiss it? Well, I'm sorry, I misspoke. The court kind of found that. Okay. You're used to being in an immigration case where we deny the petition, but you're not there now. We're in a district court case, and here we either affirm or deny. I think you're for the affirm. Okay. That just — I was tracking all the weights of the tagline, and I'm just confused. That's what I did. Okay. I think you tied it all together. You want us to affirm the district court's dismissal. That is correct, Your Honor. Okay. Got it. Thank you. All right. Thank you, counsel. Mr. Sproul, you have a minute for rebuttal. I'd like the first option that you proposed, but I guess I'm not going to get it. Very briefly, and I know it's maybe angels dancing on the head of a pin, but I do think there is a reason California and also the Federal statutes have the distinction between sexual intercourse, which is a greater violation, a greater crime, and is punished more gravely than the sodomy statute. There is a reason the model penal code talks about actually requiring sexual intercourse, and that has both legal and, you know, I mean, medical meaning. And I think that is actually a very important distinction between the California, the 261 rapes statute and the one that we have here. And the business of being the, you know, administering agent occurs in the two Federal statutes. So Congress thought it had some significance that the defendant was the administering agent. It's in the text. So they had to have some idea that that's an important element. Otherwise, it wouldn't be there. If California wants to punish one act more severely than the other act, that's fine. But how do we explain the fact that such things as Black's Law Dictionary defines sexual intercourse more broadly to include the broader definition? I think if we descend to Black's Law Dictionary, that means somehow there isn't other guidance from specific Federal statutes. And here we do have that. So, you know, again, the model penal code, I mean, you know, in the notes they talk about sexual intercourse means what we all know it to mean. So I guess I'll submit the matter. Thank you very much. The case just argued is submitted, and we appreciate very much the arguments from both of you.
judges: Graber, N.R. Smith, Simon